## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOUIS CUTRONE & KERRY BRADY<br>Plaintiffs<br><br>v.<br><br>The City of Milford, CT; City of Milford Police Department, Chief of City of Milford Police Department, Keith L. Mello; Deputy Chief City of Milford Police Department Kenneth Rahn; K9 Sgt. Z. McNemar, Officer S.P. Owens, (2117); Officer C. J Deida, (2936); Officer D. Waller, (3176); Officer W. Barbour (2939); Officer J. Rivera (3046) and other assisting employees or agents as are yet unknown at this time.<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br><br>**SEPTEMBER 16, 2022** |

## COMPLAINT

## PRELIMINARY STATEMENT

This is a civil rights action filed by Louis Cutrone ("Cutrone") and Kerry Brady ("Brady") collectively ("Plaintiffs"), for:

1.  Damages and injunctive relief authorized  under 42 U.S.C. § 1983, against individual employees acting individually or alternatively as agents of the City of Milford and the Milford Police Department alleging violation of Fourth Amendment  rights protecting the Plaintiffs' rights to privacy and to be secure and safe in their home, the Plaintiffs' rights  against unreasonable search and seizure and the use of excessive or deadly force and;

2. The Defendants, under color of state law pursuant to CGS § 52-557n (liability of political subdivisions and its employees, officers, and agents)  and CGS § 22-357 (Strict liability for damage by dogs to person or property), which liability arose from the same circumstances wherein the Defendants failed to fulfill standards of conduct and acted with wanton disregard for Plaintiffs' civil rights of privacy and safety, using unreasonable, excessive or deadly force all being the proximate cause  of permanent physical and emotional injury and economic damages, and

3.  Plaintiffs  assert claims based on common law tort in that the negligent lack of supervision and/or the negligent failure to adequately train The City of Milford  employees led to the aforesaid violations and consequential damages, and;

4. Defendants', acting individually or as authorized agents of The City of Milford failed to fulfill ministerial duties both prior to and after the attack of Plaintiff Cutrone, which constituted an invasion of Cutrone's right to privacy, a miscasting of the circumstances surrounding the K9 attack in an effort to justify the deployment of K9 Zar all being the proximate cause of severe emotional distress for both Plaintiffs, and

5. Upon information and belief the Defendants, acting individually or collectively, systematically, purposely and illegally destroyed evidence   and

2

intentionally misstated and illegally misreported facts and circumstances, and illegally recorded Cutrone while within the zone of privacy   which has defamed the character of Cutrone   and is the direct and proximate cause of severe emotional distress and injury to the Plaintiffs.

## SUBJECT MATTER JURISDICTION & VENUE

1. Jurisdiction over Plaintiffs' claims is based on 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C 1343 and 28 U.S.C. 1367 (supplemental/pendant claims)

2. Plaintiffs Cutrone and Brady bring this action claiming deprivation of rights to be free and safe in their home, safe from illegal intrusion, search and seizure and protections of their right to privacy and to be safe in their zone of privacy while undergoing medical care under the Fourth Amendment to the Constitution of the United States of America.

3. The Federal claims   averred herein are based on the facts that give rise to state claims pursuant to CGS 52-557n and 22-357 and the Constitution of the State of Connecticut.

4. The Plaintiffs have complied with all notice of claim provisions of CGS 52-557n.

5. Venue in this District is proper under 28 U.S.C. § 1391 because the Plaintiffs and the Defendants, at all times relevant to the complaint,  resided in  or were employed in the District and all activities relevant to this complaint occurred in this District.

## THE PARTIES

6. Plaintiff Louis Cutrone ("Cutrone") is a resident of the State of Connecticut residing at 277 Wheelers Farm Road, Milford, Connecticut and was residing at 277 Wheelers Farm Road on September 20, 2020.

7. Plaintiff Kerry Brady ("Brady") is a resident of the State of Connecticut residing at 277 Wheelers Farm Road, Milford, Connecticut and was residing at 277 Wheelers Farm Road on September 20, 2020. Brady is the fiancé of Cutrone and is the mother of the Plaintiffs' daughter who also resides at 277 Wheelers farm Road, Milford, Connecticut

8. Defendant City of Milford, Connecticut ("Milford") is a municipality and a political subdivision of the State of Connecticut and is the owner of all dogs who are members of the Milford Police Department K9 Unit, and is responsible for the administration of the Defendant City of Milford Police Department ("MPD")

9. Defendant MPD Police Chief Keith L. Mello is responsible for the training, operational and administrative policies for the MPD in general and the K9 Unit specifically.

10.     Defendant Deputy Chief MPD,  Kenneth Rahn is responsible for implementing the training, operational and administrative policies  for the MPD in general and the K9 Unit specifically.

11.     Defendant Officer S. P. Owens, 2117 ("Owens") was at all times relevant herein an officer employed by Milford and was appointed by MPD and was at all times relevant to this action  the handler of K9 Zar ("Zar") and is being sued in his individual capacity and as an agent of Milford and MPD, for damages resulting from the denial of the Plaintiffs' constitutional rights, his depraved indifference to the use of unreasonable and potentially deadly force against Plaintiffs, negligent performance of ministerial duties, and false reporting and non-reporting of the incident in question.

12.     Defendant Officer C. J. Deida, 2936  ("Deida")  was at all times relevant herein an officer employed by Milford and is a member  of the MPD K9 Unit and was the back-up officer to Owens and K9 partner Zar at all relevant times herein and is being sued in his individual capacity for damages resulting from the denial of the Plaintiffs' constitutional rights, his depraved indifference to the use of

4

unreasonable and potentially deadly force against Plaintiffs, negligent performance of ministerial duties  and false reporting and non-reporting of the incident in question.

13.    Sgt Z. R McNemar 1683 ("McNemar") was at all times relevant herein employed by the City of Milford and was at all relevant times herein an officer in the MPD and was the supervisory officer and assumed authority over the subject incident  at the home of Cutrone and Brady and later in Yale New Haven Hospital where Cutrone was under the care and supervision of the physician attending to his injuries as a result of the attack averred herein.  While under the supervision of the attending physician, Cutrone was within a zone of privacy protected by the 4th Amendment of the Constitution of the United States. McNemar is being sued in his individual capacity and as an agent of Milford and MPD for damages resulting from the denial of the Plaintiffs' constitutional rights of privacy, his depraved indifference to the use of unreasonable and potentially deadly force against Plaintiffs, negligently performance of ministerial duties, and false reporting and non-reporting of the incident in question.

14.    Defendant Officer D. Waller, 2936 ("Waller") is employed by Milford and was a member of the MPD at all relevant times herein and was an investigating officer first dispatched by MPD to investigate a "parking violation" at approximately 12:40 am on September 20, 2020. Waller is being sued in his individual capacity and as agent for Milford and the MPD.

15.    Officer W. Barbour, 2939 ("Barbour") is employed by Milford and was a member of the MPD  at all relevant times herein and was an investigating officer first dispatched by MPD to investigate a "parking violation" at approximately 12:40 am on September 20, 2020 with Waller. Barbour is being sued in his individual capacity and as agent for Milford and the MPD.

16.    Officers and Agents of the MPD, yet unknown and to the extent they knowingly participated in and furthered the activities of others.

**FACTS**

17.     On September 19, 2020, Cutrone was driving a 2005 Dodge Sprinter, a utility van owned by an affiliate of his employer, which was to be used for moving furniture the next day.

18.     Cutrone was heading home after working at his place of employment, Rowayton Seafood Restaurant, located in Rowayton, Connecticut at approximately 9:30 pm. ("Rowayton Seafood")

19.     Rowayton Seafood is a successful high end restaurant that had grossed over $6 million in sales in the year prior to September 2020 and had employed Cutrone as a managerfor 24 years prior to September 20, 2020.

20.     The van had several old dents and damage caused by industrial use for over 16 years, including rusted dents identified by Defendants as resulting from a possible recent and "serious accident".

21.     Cutrone's home at 277 Wheelers Farm Rd. is approximately 30 minutes from Rowayton Seafood via I-95 and High Street and Wheelers Farm Rd.  Cutrone was stopped at a light in the vicinity of 55 Wheelers Farm Road, Milford when the van stalled out and Cutrone was unable to restart the engine which had been leaking fluid.

22.     Cutrone exited the vehicle and walked to his residence at 277 Wheelers Farm Road, Milford.

23.     According to MPD call logs, the van was reported to the MPD by call at approximately 12:40 AM on September 20, 2020   reporting a "parking violation" in the vicinity of 55 Wheelers Farm Rd.

24.     While the van was in the roadway it was not blocking the passage to and over the one lane construction area which was regulated by the motion sensing light as evidenced by the fact that the individual officers as well as other unknown officers were able to pass back and forth over the one lane bridge throughout the duration of the investigation as herein described. The bridge was open to

pedestrian traffic which was well marked and secure in accordance with state safety regulations.

25.     The MPD dispatched Defendant Waller and accompanied by Defendant Barbour, investigated what was described by dispatch as a "Motor Vehicle Parking Violation".

26.     Waller and Barbour arrived on the scene at 55 Wheelers Farm Rd. at approximately 12:53 am on September 20, 2020 and reported that they  found the van to be unoccupied, empty of any contraband, with sticks stuck to the undercarriage and the engine leaking fluid. Police photographs show that there was some front end damage that was rusted and not indicating any recent damage which was corroborated by a video wherein an officer on the scene at the Cutrone Brady residence states to McNemar that there was "very little" damage [to the van].

27.     Defendant Waller filed an "Incident/Investigation Report" bearing Case # 2020-003802 which lists and describes the van as a 2005 Dodge Sprinter with tag  "24CC24 CT", VIN "WDOPD144755781784 and designates a damage code "01". The report code designation is "1= None". There was no evidence indicating any serious accident nor was any criminal activity reported in the area. The van, which was legally registered, was not reported as stolen. Further checks did not reveal any reports of hit and run accidents, personal injury, missing persons or any criminal activity in the City of Milford or vicinity.

28.     Defendant Owens accompanied by Defendant Deida arrived on the scene sometime thereafter and deployed K9 Zar to search for narcotics or other possible contraband and did not detect any evidence of same. Owens' and Deida's search of the van did not reveal any blood or evidence of injury. Zar is an 80 pound male German Shepard certified as trained in 2016 with no  record of ongoing training or recertification as of March 2022.

29.     There was no empirical evidence of a "serious" accident or crime of any nature, no exigent circumstances or identifiable emergency that would force the Defendants Owens, Deida, Waller or Barbour into a split second decision to deploy potentially dangerous, excessive or deadly force.  The Defendants, Owens, Deida and Waller  later reported that Owens decided to conduct a track for purposes of a "welfare check". A "welfare check" is not a listed reason for deployment of a K9 in MPD General Orders. Owens and Deida nonetheless put Zar in his tracking harness and brought Zar up to the driver's door to obtain an "odor".

30.     Zar began to pull and tracked to the Cutrone/Brady residence at 277 Wheelers Farm Rd. where Zar came upon Cutrone who was legally on his property in his driveway where he had an expectation of privacy and safety and protection against unwarranted seizure.

31. On September 22, 2020, McNemar filed a supervisory report and stated that he authorized the track and that he "had a perimeter set up for Officers Owens and Deida  and K9 partner Zar". No  authorization or directive for a perimeter search were referenced in the reports from Waller, Owens or Deida. Nor did Deida, Owens or Waller report any ongoing communications of the movements of Owens, Deida  and Zar, nor was there any perimeter established prior to the K9 Zar attack of Cutrone.

32.     Without announcement from Owens or Deida, or provocation from Cutrone, Zar lunged at and attacked and seized Cutrone, knocking him to the ground and mauling him about the right leg, left arm and resulting in  contusions to his right shoulder and head  and fracture of right zygomatic arch causing pain, suffering and permanent physical and emotional injury to Cutrone.

33. Owens had Zar on a 20 foot leash, unable to control Zar if he would suddenly encounter an unsuspecting and innocent person on what was clearly private property.

34.  Brady, who was awakened by Cutrone's screams,  came out of the house and was witness to Cutrone's injuries and was ordered about by the Defendant officers and  to remain in her house while her fiance  lay injured and in a pool of blood  in the driveway, resulting in further emotional injury.

35. Defendants Waller and Barbour arrived at 277 Wheelers Farm Rd and upon learning of Cutrone's injuries, called the Milford Fire Department emergency services who after some unexplained delay, transported Cutrone to Yale New Haven Hospital, Milford Campus, for medical treatment. None of the officers on scene took any pictures of Cutrone's injuries as required by K9 Unit Orders.

36. Based on a report of the K9 attack, other Defendants, yet unknown, were dispatched to the Plaintiffs' residence. Upon information and belief there were 6 patrol cars surrounding the Plaintiffs' property and with lights flashing alarmed and traumatized the Plaintiffs even further.  McNemar, appeared after the attack, seeking information and providing disinformation to the Plaintiffs' neighbor casting Cutrone as a "suspect".

37. The Defendants individually and collectively pursued questioning and video taping of Cutrone  while Cutrone was under medical care at Yale New Haven, within a zone where there would be an expectation of  privacy pursuant to the Fourth Amendment to the United States Constitution and Sections 7 & 9 of the Connecticut Constitution  and in clear violation of body worn camera rules and procedures established by the State of Connecticut which prohibits filming any individual under physicians care.

38. As a result of the severe injuries to his leg, arm, head and clavicle, Cutrone has suffered permanent nerve damage to his right leg and foot and permanent scarring to his arm, leg and permanent deformity of his right clavicle.

39. As a result of the physical injuries and illegal invasion of privacy, Cutrone suffers from diminished mental capacity,  headaches, sleeplessness, depression, anxiety, post traumatic stress, and loss of consortium.

40. As a result of witnessing the injuries to Cutrone and the consequential diminishing of Cutrone's physical and mental capacity,      Brady suffers from depression, anxiety, post traumatic stress and loss of consortium.

**FIRST CAUSE OF ACTION (As to Defendant Officers- Violation of U.S.C § 1983)**

41.  Paragraphs 1-40 are incorporated as fully set forth here.

42. The Plaintiffs are  informed and believe and thereon allege that Defendants  Mello, Rahn,  Owens,  Deida, Waller, Barbour, McNemar, Rivera  and other assisting employees or agents as are yet unknown,  are liable as they violated the Plaintiffs' Fourth Amendment  rights protecting against unreasonable search and seizure, denial of rights of privacy, to be secure in their homes or in their zone of privacy,  and against the use of excessive or deadly force.

43. The Defendants in this First Cause of Action have denied the Plaintiffs of the aforesaid constitutional rights by virtue of their personal involvement and failure to perform non-discretionary ministerial duties.

44. Said personal involvement and failure to perform ministerial duties is the direct and proximate cause of the Plaintiffs' damages.

**SECOND CAUSE OF ACTION (as to Defendants Milford &  MPD Violation of U.S.C § 1983)**

41. Paragraphs 1-40 are incorporated as fully set forth here.

42. Defendants and MPD are liable as they violated the Plaintiffs' Fourth Amendment  rights protecting their rights of privacy, to be secure in their homes, against unreasonable search and seizure and use of excessive or deadly force in one or more of the following ways:

     a. The officers in taking the actions herein described did so as agents for Milford and MPD with authority to do so.

     b. The actions were pursuant to official policy of Milford or MPD.

     c. The actions were a result of Milford or MPD failure to adequately train or supervise the officers listed herein.

43.  The foregoing is the direct and proximate cause of the Plaintiffs' damages.

**THIRD CAUSE OF ACTION (Strict Liability as to Milford, MPD, Owens & Deida)**

41. Paragraphs 1-40 are incorporated as fully set forth here.

41. Milford is the owner of K9 Zar and MPD authorizes and supervises the handling of Zar.

42. Owens is the handler or keeper of K9 Zar and Deida was the back-up and participated in the handling of Zar.

43. Pursuant to CGS § 22-357 "If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage".

44. Milford as owner and MPD, Owens and Deida as keepers of Zar,  are strictly liable for

the unprovoked attack by Zar,  causing damage to the body and property of Cutrone and Brady.


**FOURTH  CAUSE  OF  ACTION  (As  to  All  Defendants-Intentional  Infliction  of  Emotional Distress)**

41. Paragraphs 1-40 are incorporated as fully set forth here.

42.  The Defendants, acting individually or in concert either filed, approved or supervised  the filing of reports that the Defendants knew to be false as there was no empirical evidence, objective measure, or any other factual basis, or any reason rooted in experience or prompted by exigent circumstances, that would allow a reasonable person to conclude that there was a need  for the K9 track that resulted in the  attack of Cutrone.

44. The incident reports and subsequent supervisory reviews all included facts or references to circumstances concocted after the fact to justify the decision  to initiate the K9 track that led to the attack of Cutrone

43.  The Defendants acting individually or in concert either approved or supervised the video recording of Cutrone while Cutrone was under supervision or treatment of a physician   which was a clear and intentional violation of Cutrone's expectation of privacy pursuant to the Fourth Amendment of the United States Constitution, the Constitution of the State of Connecticut and the State of Connecticut police rules prohibiting such recordings.

44. As a result the Plaintiff's have suffered severe emotional distress and damages.

**RELIEF**

WHEREFORE, PLAINITFFS Louis Cutrone and Kerry Brady pray for judgment against DEFENDANTS and each of them, jointly and severally, as follows:

1. For attorney's fees pursuant to 42 U.S.C. § 1988(b);
2. For costs of suit incurred herein;
3. For interest according to the legal rate; and
4. Compensatory Damages
5. Punitive Damages
6. For other and further relief as the Court may deem just and proper.

**A JURY TRIAL IS DEMANDED**

        **THE PLAINTIFFS,**

        **LOUIS CUTRONE and KERRY BRADY**

**BY:** _____

Attorney John W. Madigan III
30 Old King's Highway South, Suite 215
Darien, CT 06820
PH: 203-984-9987  FAX 203-349-9867
jwm3esq@gmail.com
Fed. Bar # ct30969

1.