```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

-------------------------------- x
LOUIS CUTRONE and KERRY BRADY,   :
                                 :
          Plaintiffs,            :
                                 :
v.                               :
                                 :
CITY OF MILFORD (CT); CITY OF    :
MILFORD POLICE DEPT.; CHIEF of   :
CITY OF MILFORD POLICE DEPT.     :
KEITH L. MELLO; DEPUTY CHIEF of  :  Civil No. 3:22-cv-1177 (AWT)
CITY OF MILFORD POLICE DEPT.     :
KENNETH RAHN; SGT., Z MC NEMAR;  :
OFFICERS S.P. OWENS (2117); C.J. :
DEIDA (2936); D. WALLER (3176);  :
W. BARBOUR (2939); and other     :
assisting employees or agents    :
yet unknown at this time,        :
                                 :
          Defendants.            :
-------------------------------- x
```

**RULING ON DEFENDANTS' PARTIAL MOTION TO DISMISS AND
PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendants City of Milford, Milford Police Department, and several individual police officers have filed a partial motion to dismiss the Complaint, see ECF No. 18, and plaintiffs Louis Cutrone and Kerry Brady have moved for leave to amend, which the defendants oppose, see ECF Nos. 22 and 28. For the reasons set forth below, the defendants' motion is being granted in part and denied in part, and the plaintiffs' motions are being denied.

**I.   LEGAL STANDARD**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the

complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 547. "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

With respect to a motion for leave to amend, a plaintiff may amend a complaint "once as a matter of course within 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Id. R. 15(a)(2). "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." Jin v. Metropolitan Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. North Hempsted Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

**II. DISCUSSION**

**A. Defendants' Partial Motion to Dismiss**

**1. First Cause of Action**

The first cause of action is a claim, pursuant to 42 U.S.C. § 1983, against the individual defendants for violation of constitutional rights. The defendants move to dismiss the first cause of action as against defendants Chief Mello, Deputy Chief Rahn, Sergeant McNemar, Officer Waller, Officer Barbour, and Officer Rivera. The defendants also move to dismiss the first cause of action insofar as it is being brought by plaintiff Brady.

The defendants maintain that the factual allegations in the Complaint do not show that the individual defendants--with the exception of Officer Owens and Officer Deida--were personally involved in any violation of the plaintiffs' rights. The court agrees. The plaintiffs assert in a conclusory fashion that liability can be imputed to individual defendants other than Officer Owens and Officer Deida, but those are the only two officers who interacted with Cutrone at the time of alleged deprivations. There are no factual allegations in the Complaint that any of the other named individual defendants acted to deprive the plaintiff of any constitutional right.

In addition, because the plaintiffs have not alleged any facts which might establish that plaintiff Brady suffered a deprivation of her constitutional rights, the first cause of action is being dismissed as against all defendants insofar as it is brought by plaintiff Brady.

Thus, the first cause of action is being dismissed as to all of the individual defendants except with respect to plaintiff Cutrone's claims against Officer Owens and Officer Deida.

    **2.    Second Cause of Action**

The second cause of action purports to be a <u>Monell</u> claim, pursuant to 42 U.S.C. § 1983, against defendants City of Milford and the Milford Police Department for violation of

constitutional rights. The defendants move to dismiss the second cause of action in its entirety.

The defendants argue that the Milford Police Department should be dismissed as a party in this action because a police department is not a legal entity with the legal capacity to be sued. The court agrees. See Petaway v. City of New Haven Police Dep't, 541 F.Supp.2d 504, 510 (D. Conn. 2008) ("[A] municipal police department is not subject to suit under section 1983 because it is not an independent legal entity."); Nicholson v. Lenczewski, 356 F.Supp.2d 157, 164 (D. Conn. 2005) ("A municipal police department . . . is not a municipality nor a 'person' within the meaning of section 1983."). Thus, the second cause of action is being dismissed as against the Milford Police Department.

With respect to the City of Milford, the plaintiffs assert in a conclusory fashion that the actions of the individual defendants "were pursuant to official policy of Milford or MPD" and that "[t]he actions were a result of Milford or MPD failure to adequately train or supervise the officers." Compl. ¶ 42(b), (c). "'[M]unicipal liability under § 1983 attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986)

(plurality)). "[T]o allege a failure to train claim, a plaintiff must plausibly allege a specific deficiency in the municipality's training." Adams v. City of New Haven, 2015 WL 1566177, at *4 (D. Conn. Apr. 8, 2015) (quoting Tieman v. City of Newburgh, 2015 WL 1379652, at *22 (S.D.N.Y. Mar. 26, 2015)). To allege a failure to supervise claim, a plaintiff must plausibly allege (1) "defendants' duty to act by proving they should have known their inadequate supervision was so likely to result in the alleged deprivations so as to constitute deliberate indifference," (2) "obvious and severe deficiencies in the [municipal] defendants' supervision that reflect a purposeful rather than negligent course of action," and (3) "a causal relationship between the failure to supervise and the alleged deprivations to plaintiffs." Reynolds v. Giuliani, 506 F.3d 183, 193 (2d Cir. 2007). Here, the Complaint does not contain facts sufficient to state a claim either with respect to failure to train or with respect to failure to adequately supervise.

Thus, the second cause of action is being dismissed in its entirety.

### 3. Third Cause of Action

The third cause of action is a claim against the City of Milford, the Milford Police Department, Officer Owens, and Officer Deida for strict liability pursuant to Conn. Gen. Stat.

§ 22-357. The defendants move to dismiss the third cause of action as against the City of Milford and the Milford Police Department. The defendants also move to dismiss the third cause of action insofar as it is being brought by plaintiff Brady.

As discussed above with respect to the second cause of action, the Milford Police Department is not a suable entity. Thus, the third cause of action is being dismissed as against the Milford Police Department.

The defendants maintain that the third cause of action should be dismissed as to the City of Milford because there is no indication that the City of Milford was itself involved. However, the Complaint alleges that "Milford is the owner of K9 Zar," Compl. ¶ 41, and that Officer Owens and Officer Deida are "keepers of Zar," Compl. ¶ 44, as those terms are employed in Conn. Gen. Stat. § 22-357. Involvement by an owner or keeper itself is not required to impose liability under the statute, and the defendants have not otherwise addressed the third cause of action in their motion to dismiss. Therefore, the defendants' motion to dismiss the third cause of action as against the City of Milford is being denied without prejudice.[1]

---

[1] Because the parties have not briefed whether governmental immunity bars the plaintiffs' claim against the City of Milford or against Officers Owens and Deida under Conn. Gen. Stat. § 22-357, the court does not address the issue at this time. See Tryon v. Town of North Branford, 58 Conn. App. 702, 720 (2000) ("[T]he doctrine of governmental immunity bars the plaintiff's

With respect to plaintiff Brady, the Complaint does not allege any facts which could establish that she suffered any damage to her body or to her property as required to establish liability under the statute. Thus, the defendants' motion to dismiss the third cause of action insofar as it is brought by Brady is being granted.

### 4. Fourth Cause of Action

The fourth cause of action is a claim against each of the defendants for intentional infliction of emotional distress. The defendants move to dismiss the fourth cause of action as against all defendants except for the City of Milford, Officer Owens, and Officer Deida. The defendants also move to dismiss the fourth cause of action insofar as it is being brought by plaintiff Brady.

As discussed above with respect to the first cause of action, only Officer Owens and Officer Deida interacted with Cutrone at the time of the incident, and there are no factual allegations in the Complaint that any of the other named individual defendants acted in a manner that could have inflicted emotional distress on either plaintiff. Thus, the fourth cause of action is being dismissed as to the individual defendants, other than Officer Owens and Officer Deida.

---

claims for strict liability under § 22-357.").

Moreover, as discussed above with respect to the second cause of action, the Milford Police Department is not a suable entity. Thus, the fourth cause of action is being dismissed as against the Milford Police Department.

With respect to plaintiff Brady, the Complaint does not allege facts sufficient to establish a claim for intentional infliction of emotional distress. To claim intentional infliction of emotional distress, a plaintiff must show "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Appleton v. Bd. of Educ., 254 Conn. 205, 210 (2000). The Complaint does not identify which acts form the basis for the conduct underlying Brady's claim for intentional infliction of emotional distress. To the extent the K-9 attack of Cutrone is the basis for Brady's claim, the plaintiff has not pled facts sufficient to establish that the defendants intended to inflict emotional distress on her or should have known that such emotional distress was the likely result of their actions. To the extent the defendants' order to her to remain indoors is the basis for Brady's claim, she has not pled facts sufficient to establish that this conduct

was the cause of emotional distress. Thus, the fourth cause of action is being dismissed insofar as it is brought by Brady.

Lastly, although the defendants have not moved to dismiss the fourth cause of action as against the City of Milford, the court must dismiss it as against the City of Milford for lack of subject matter jurisdiction. The Complaint does not allege that the City of Milford itself intentionally inflicted emotional distress on the plaintiffs. Instead, the Complaint appears to allege that the City of Milford is liable for emotional distress intentionally inflicted by the individual defendants. Under Connecticut law, "a political subdivision of the state shall not be liable for damages to person or property caused by . . . [a]cts or omissions of any employee, officer or agent which constitute . . . wilful misconduct." Conn. Gen. Stat. § 52-557n(a)(2)(A). The Connecticut Supreme Court has held that intentional infliction of emotional distress constitutes "wilful misconduct" for purposes of that statute. Pane v. City of Danbury, 267 Conn. 669, 685 (2004), overruled on other grounds by Grady v. Somers, 294 Conn. 324, 249 (2009). Thus, "the plaintiff's claim against the city for intentional infliction of emotional distress is barred by governmental immunity." Id. at 686.

Therefore, the fourth cause of action is dismissed as against all defendants except with respect to plaintiff

Cutrone's claims against Officer Owens and Officer Deida.

**B.   Plaintiffs' Motion for Leave to Amend**

As a preliminary matter, although the plaintiffs include the Milford Police Department as a defendant in the proposed amended complaint, they have not submitted a memorandum of law explaining why doing so would not be futile in light of the fact that the police department is not subject to suit under Section 1983. See D. Conn. L. Civ. R. 7(a)(1). Thus, any amendment would be futile as to the Milford Police Department.

Likewise, although the plaintiffs include claims by plaintiff Brady in the proposed amended complaint, they have not submitted a memorandum of law explaining why doing so would not be futile in light of the lack of factual allegations to support claims by Brady under the proposed causes of action. See id.

The first, second, third, and fourth causes of action in the proposed amended complaint are claims against various defendants pursuant to 42 U.S.C. § 1983. These claims correspond to the first and second causes of action in the Complaint. The proposed amended complaint does not on its face remedy the deficiencies addressed above with respect to all of the defendants except for Officer Owens and Officer Deida. Nor have the plaintiffs filed a memorandum of law arguing that the proposed amended complaint has remedied these deficiencies, which the defendants identified in their motion to dismiss and

-11-

in their oppositions to the plaintiffs' motions for leave to amend. See D. Conn. L. Civ. R. 7(a)(1). Thus, with respect to these four causes of action, the amendment would be futile except with respect to Officer Owens and Officer Deida.

The fifth cause of action in the proposed amended complaint corresponds to the third cause of action in the Complaint and is a claim for strict liability against the City of Milford, the Milford Police Department, Officer Owens, and Officer Deida. The amendment would be futile with respect to the Milford Police Department, though it is unclear whether the amendment would be futile with respect to the remaining defendants due to the doctrine of governmental immunity, as discussed above.

In addition, the proposed amended complaint removes the fourth cause of action in the Complaint, and it adds a sixth cause of action for common law negligence against the City of Milford, the Milford Police Department, Officer Owens, and Officer Deida, as well as a seventh cause of action; the seventh cause of action is a claim against the City of Milford, the Milford Police Department, and several individual defendants for portraying the plaintiffs in a false light. In their opposition, the defendants make a credible argument that these new claims lack sufficient factual allegations to survive a motion to dismiss for failure to state a claim upon which relief can be granted. The plaintiffs, on the other hand, have identified no

basis for a conclusion that the new proposed causes of action would not be futile and would not be unfairly prejudicial to the defendants at this stage of the litigation by forcing them to relitigate settled issues, particularly in light of the plaintiffs' failure to file any opposition to the defendants' partial motion to dismiss.

### III. CONCLUSION

Accordingly, Defendants' Partial Motion to Dismiss (ECF No. 18) is hereby GRANTED in part and DENIED in part, and the plaintiffs' motions for leave to amend their Complaint (ECF Nos. 22 and 28) are hereby DENIED.

The case shall proceed on (1) the first cause of action by plaintiff Cutrone against Officer Owens and Officer Deida, (2) the third cause of action by plaintiff Cutrone against the City of Milford, Officer Owens, and Officer Deida, and (3) the fourth cause of action by plaintiff Cutrone against Officer Owens and Officer Deida.

It is so ordered.

Dated this 1st day of August 2023, at Hartford, Connecticut.

                                                 /s/AWT
                                   Alvin W. Thompson
                       United States District Judge